UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**BRENDA McCOWN, on behalf of
herself and those similarly situated,**

     **Plaintiff,**

v.                                  **CASE NO.:**

**DOLLAR GENERAL
CORPORATION, a Foreign
Corporation,**

     **Defendant.**                 /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action)

**COMES NOW** the Plaintiff, Brenda McCown, on behalf of herself and all others similarly situated, by and through counsel, and hereby sets forth her Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

### NATURE OF THE COMPLAINT

1.    Plaintiff, Brenda McCown, brings this action against Defendant, Dollar General Corporation, for unpaid overtime compensation and related penalties and damages, and for failure to pay its employees for all hours worked. Plaintiff alleges, on behalf of herself and all other similarly situated hourly employees of Defendant, that Defendant failed and refused to pay her, and all others similarly situated, overtime pay for overtime worked, and failed and refused to pay her and all other similarly situated hourly employees straight time for all hours worked.

2.    Defendant's practices are in direct violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff seeks declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendant; straight time premiums for all hours worked and not compensated; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3.     Defendant's practice and policy is, and for the past three years has been, to willfully fail and refuse to pay overtime compensation due and owing to Plaintiff and all other similarly situated employees, in violation of the FLSA, and to willfully fail to compensate Plaintiff and all other similarly situated employees for all hours worked while employed by Defendant. Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

4.     Currently and for the last three years, Defendant's employees have worked overtime hours.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

6.     The Eastern District of Kentucky has personal jurisdiction over Defendant because it is doing business in Nicholasville, Jessamine County, Kentucky and in this judicial District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial amount of the events giving rise to the claim occurred in this District.

## PARTIES

### A.    Plaintiffs

*Named Plaintiff*

8.    Plaintiff, Brenda McCown, is a resident of Nicholasville, Jessamine County, Kentucky. Defendant employed Plaintiff as a cashier from approximately September 29, 2009, until on or about January 14, 2010. During her employment with Defendant, Ms. McCown regularly worked periods of time for which she was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

9.    At all relevant times, Ms. McCown was an employee of Defendant for FLSA purposes.

*Representative Action Members*

10.    The putative members of the representative action are those current and former employees of Defendant who are similarly situated to Ms. McCown who were suffered or permitted to work by Defendant and not paid their regular or statutorily required rate of pay for all hours worked, as well as those current and former employees of Defendant who are similarly situated to Ms. McCown who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

### B.    Defendant

11.    Defendant is a foreign corporation organized under the laws of the State of

Tennessee with its principal place of business located at 100 Mission Ridge, Goodlettsville, TN 37072. Defendant also operates multiple stores within the state of Kentucky.

12. Upon information and belief, Defendant employs or employed the Named Plaintiff and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

13.     Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked and or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

14.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff, because her claims are similar to the claims of the putative plaintiffs of the representative action.

15.     The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

16.     Defendant failed or refused to pay its employees for all time worked and for all

overtime hours worked.

17.     At all relevant times, Defendant had no written policies governing how it would account for hours worked during unpaid breaks and/or lunch periods.

18.     Employees were entitled to an unpaid meal period of at least one-half hour. Many times, however, employees worked through lunch at the direction of their supervisors. On these occasions, Defendant nonetheless deducted the untaken lunch period from the employees' wages.

19.     On other occasions, employees' lunch breaks were interrupted by calls to return to work or to perform work-related tasks for Defendant's benefit during their lunch periods. On these occasions, Defendant still deducted the entire lunch period the employees should have received from their wages.

20.     In addition, employees were routinely required to work off the clock at the end of their shift at the direction of their supervisors.

21.     Management directed and/or was aware of employees engaging in such off-the-clock work.

22.     Further, as a result of this off-the-clock work time, many employees worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

23.     Plaintiff, Brenda McCown, on behalf of herself and all similarly situated employees of Defendant, re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 22 as if they were set forth fully herein.

24.     At all relevant times (2007 through 2010), Defendant has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

25.     At all relevant times, Defendant has employed and/or continues to employ employees including Plaintiff and each of the putative members of the FLSA representative action.

26.     At all relevant times, Defendant employed at least two employees who handled goods, such as cleaning supplies, school supplies, beverages, food, toys, that previously moved through commerce.

27.     At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

28.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

29.     Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Plaintiff and the putative members of the FLSA representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

30.     As a result of Defendant's failure to compensate its employees, including Plaintiff, Brenda McCown, and all similarly situated employees, for all hours worked and its

failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(I) and § 206(a).

32.     Although Defendant was aware of the requirements of the FLSA, it continued to require its employees to work off the clock without compensation.

31.     In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

32.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all proposed members of the FLSA representative action, pray for relief as follows:

1.     Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to 29 U.S.C. § 216(b);

2.     Designation of Plaintiff, Brenda McCown, as Representative Plaintiff of the putative members of the FLSA representative action;

3.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4.     An award of damages, including liquidated damages, to be paid by Defendant;

6.      Costs and expenses of this action incurred herein, including reasonable attorneys'

fees and expert fees;

7.      Pre-Judgment and Post-Judgment interest, as provided by law; and

8.      Any and all such other and further legal and equitable relief as this Court deems

necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with

respect to which they and all members of the proposed representative action have a right

to jury trial.

Dated this _26th_ day of August, 2010.

Frank M. Jenkins, III, Esquire
SBN: 83476
FRANK JENKINS LAW OFFICE
631 E. Main Street Street
Lexington, KY 40508
Office: (859) 389-9344
Fax: (859) 253-0928
E-mail: fmj@frankjenkinslaw.com